**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GARY HARDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-120-SEP |
| | ) | |
| CORIZON MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Gary Hardman, an incarcerated person at Southeast Correctional Center, to proceed in the district court without prepaying fees and costs. Having reviewed the motion and the financial information provided in support, the Court concludes that Plaintiff is unable to pay the entire filing fee, and will assess an initial partial filing fee of $15.41. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full.  *Id.*

In support of his application to proceed in the district court without prepaying fees and costs, Plaintiff submitted his certified inmate account statement showing an average monthly deposit of $77.08.  The Court will therefore assess an initial partial filing fee of $15.41, which is twenty percent of Plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff has filed this case once before.  On November 21, 2019, in this Court, Plaintiff filed a § 1983 action against defendants Corizon Medical Services and Nina Hill, alleging that they were deliberately indifferent to his severe medical needs.  *See Hardman v. Corizon Med. Servs.*, No. 1:19-CV-209-JMB (E.D. Mo. filed Nov. 21, 2019) ("*Hardman I*").  Plaintiff's complaint was twelve pages and typed on the Court's prisoner civil rights form complaint.

On February 11, 2020, the Court issued a Memorandum and Order in *Hardman I* dismissing Plaintiff's complaint on initial review for failure to state a claim.  *Id.* at Doc. [8]. Plaintiff alleged Corizon based its treatment decisions on financial considerations, but the Court concluded this claim was unsupported.  The Court found Plaintiff had not raised his right to relief above a speculative level and dismissed Plaintiff's claims against Corizon.  As to Defendant Hill, the Court stated that Plaintiff had failed to establish Ms. Hill had denied or delayed him any medical care or treatment.  "The crux of plaintiff's complaint is that the medication is not working.  In particular, he accuses Nurse Practitioner Hill of decreasing his pain medication and not sending him to see a specialist.  This allegation, however, amounts to a

-3-

disagreement with a treatment decision, and does not constitute deliberate indifference." *Id.* at 9. The Court dismissed Plaintiff's complaint on initial review under 28 U.S.C. § 1915(e)(2). Plaintiff did not file an appeal.

## The Complaint

Four months later, Plaintiff filed the instant complaint, which is the same 12-page typed complaint as he filed in *Hardman I*. He has substituted a new first page, however, adding two new defendants to the caption. He names as defendants the two former defendants from *Hardman I*—Corizon Medical Services and Nina Hill—and adds two new defendants—Phil Tippon, M.D., and Roxanne Unknown (Director of Nursing, Corizon).[1] Although he lists these two additional defendants in the caption, neither is mentioned in the body of the complaint. The body of the complaint is identical to that which was dismissed for failure to state a claim in *Hardman I*.

## Discussion

Plaintiff filed this action in forma pauperis, and the claims he asserts are duplicative of those he brought in *Hardman I*. Although he has added Dr. Phil Tippon and Nurse Roxanne Anderson to the caption of the case, he does not refer to these defendants in the body of the complaint, and he brings no claims against them. Simply placing defendants' names in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court's dismissal of two defendants who were named as defendants in the complaint against whom no factual allegations had been made); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (agreeing with district court's dismissal of

---

[1] Plaintiff's complaint names Roxanne Unknown, Director of Nursing, as a defendant. On July 2, 2020, Plaintiff filed a motion to change defendant Roxanne Unknown to Roxanne Anderson. Doc. [7]. The motion will be granted. The Court will refer to this defendant as Roxanne Anderson.

defendants who were merely listed in his complaint and who were not alleged to have been personally involved in the constitutional violations). The Court will dismiss Defendants Tippon and Anderson because no factual allegations have been made against them.

Plaintiff's claims are entirely duplicative of his prior claims that were dismissed as legally frivolous on initial review in *Hardman I*. Accordingly, the Court will dismiss Plaintiff's claims as legally frivolous under 28 U.S.C. § 1915(e) for the same reasons they have been dismissed before. *See Hardman I*; *see also Bennett v. City of Florissant Police Dept.*, No. 4:19-CV-2725-JMB, 2019 WL 6525456, *3 (E.D. Mo. Dec. 3, 2019) (discussing res judicata effect of prior § 1915(e) dismissals on later duplicative claims).

Additionally, § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims arise out of medical care and treatment he received prior to June 3, 2015, and are thus barred by the five-year statute of limitations. For this additional reason, the Court finds that Plaintiff cannot state any plausible claim for violations of his constitutional rights against Defendants and will dismiss the complaint on initial review under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the $15.41 initial partial filing fee within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it his name and the case number.

**IT IS FURTHER ORDERED** that Plaintiff's motion for protective custody pending surgery (Doc. [3]) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docs. [6] and [8]) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to substitute defendant Roxanne Anderson for Roxanne Unknown (Doc. [7]) is **GRANTED**.  The Clerk of Court shall substitute defendant Roxanne Anderson for defendant Roxanne Unknown.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint to add a claim of deliberate indifference (Doc. [9]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to see an outside doctor (Doc. [11]) is **DENIED**.

**IT IS FINALLY ORDERED** that this case is dismissed without prejudice.  A separate order of dismissal will accompany this Memorandum and Order.

Dated this 22nd day of September, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE